UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SAUL GONZALEZ,                                    Case No.:  20-CV-1004

              Plaintiff,                           **COMPLAINT**

   -v-                                            JURY TRIAL DEMANDED

ROYAL GUARD FENCE CO., INC.,
GIN-SKYE CONSTRUCTION INC.,
WESTBURY FENCE & GUIDE RAIL CO., INC.
RALPH GUERCIA and BRENDA STOLLINGS,

              Defendants.
------------------------------------------------------------X

     SAUL GONZALEZ ("Plaintiff" or "Gonzalez") by his attorneys Certilman Balin Adler & Hyman, LLP, complaining of Defendants ROYAL GUARD FENCE CO., INC., GIN-SKYE CONSTRUCTION INC., WESTBURY FENCE & GUIDE RAIL CO., INC. RALPH GUERCIA and BRENDA STOLLINGS, (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

     1.     Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 to recover: (i) unpaid wages from Defendants for working more than forty hours in a week and not being compensated for all hours worked and/or an overtime rate of at least 1.5 times the regular rate for all such hours over forty (40) in a workweek; (ii) liquidated damages for failure to pay all wages owed; and, (iii) attorneys' fees and costs.

     2.     Plaintiff also brings this action pursuant to the New York State Labor Law ("NYLL") Article 19 §§650, *et seq.*, NYLL Article 6 §190 *et seq.* and 12 New York Codes, Rules, and Regulations (hereinafter "NYCRR") §§142 and 146 to recover: (i) unpaid wages from Defendants for working more than forty hours in a week and not being paid for all hours worked

7049971.1

and/or an overtime rate of at least 1.5 times the regular rate for all such hours over forty (40) in a workweek, and (ii) liquidated damages for failure to pay all wages owed; (iii) statutory damages for failure to furnish the required wage notice and acknowledgment; (iv) statutory damages for failure to furnish accurate and correct wage statements; and, (v) attorneys' fees and costs.

3.     Plaintiff additionally brings this action pursuant to the NYLL §215, to recover damages suffered by Plaintiff as a result of the retaliatory actions of the Defendants based on Plaintiff's refusal to support Defendants' unlawful pay practices in connection with lawsuits filed by other employees.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the FLSA.

5.     This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

6.     Plaintiff's state law claims are so closely related to his claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

7.     This Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Plaintiff

9.     Plaintiff is a resident of Suffolk County in the State of New York.

7049971.1

20.     Upon information and belief, WESTBURY FENCE & GUIDE RAIL CO., INC. (hereinafter "WF&GR") is a domestic business corporation, incorporated under the laws of the State of New York and authorized to do business in the State of New York.

21.     Upon information and belief, WF&GR operates its business from its headquarters located at 410 Maple Avenue, Westbury, New York 11590.

22.     Upon information and belief, WF&GR also shares a place of business and operates locally with RFG at 550 Main St., Westbury, New York 11590

23.     Upon information and belief, WF&GR's annual gross volume of sales made or business done is not less than $500,000.

24.     WF&GR is a covered employer as defined by the FLSA and NYLL.

25.     Upon information and belief RALPH GUERCIA (hereinafter "Guercia") is an individual who resides in the State of New York, County of Nassau.

26.     Upon information and belief Guercia is an owner, principle shareholder and Chief Executive Officer of each of the corporate defendants, RFG, GSC and WF&GR.

27.     Upon information and belief, Guercia has the power to hire and fire employees at RFG, GSC and WF&GR.

28.     Upon information and belief, Guercia supervises and controls employee work schedules or conditions of employment for employees at RFG, GSC and WF&GR.

29.     Upon information and belief, Guercia determines the rate and method of payment for the compensation of employees at RFG, GSC and WF&GR.

30.     Upon information and belief, Guercia maintains employment records for employees at RFG, GSC and WF&GR.

7049971.1

31.     Upon information and belief, Guercia has complete control of the alleged activities of RFG, GSC and WF&GR, which gives rise to the claims brought herein, and is an individual employer as defined by the FLSA, NYLL and all supporting regulations.

32.     Upon information and belief BRENDA STOLLINGS (hereinafter "Stollings") is an individual who resides in the State of New York, County of Nassau.

33.     Upon information and belief Stollings is an owner, principle shareholder, corporate officer and manager of each of the corporate defendants, RFG, GSC and WF&GR.

34.     Upon information and belief, Stollings has the power to hire and fire employees at RFG, GSC and WF&GR.

35.     Upon information and belief, Stollings supervises and controls employee work schedules or conditions of employment for employees at RFG, GSC and WF&GR.

36.     Upon information and belief, Stollings determines the rate and method of payment for the compensation of employees at RFG, GSC and WF&GR.

37.     Upon information and belief, Stollings maintains employment records for employees at RFG, GSC and WF&GR.

38.     Upon information and belief, Stollings has complete control of the alleged activities of RFG, GSC and WF&GR, which gives rise to the claims brought herein, and is an individual employer as defined by the FLSA, NYLL and all supporting regulations.

39.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

40.     Defendants depend on laborers, workmen and foreman at each of their locations to complete the necessary projects.

7049971.1

10.     Plaintiff worked for Defendants as a non-exempt hourly employee, within the meaning of Section 3(e) of the FLSA, 29 US.C. §203(e), and NYLL §190(2), with the job title and duties of a working foreman and construction laborer, from approximately 2009 through November 27, 2019.

**Defendants**

11.     Upon information and belief, ROYAL GUARD FENCE CO., INC. (hereinafter "RGF") is a domestic business corporation, incorporated under the laws of the State of New York and authorized to do business in the State of New York.

12.     Upon information and belief, RFG operates its business from its headquarters located at 550 Main St., Westbury, New York  11590.

13.     Upon information and belief, RFG's annual gross volume of sales made or business done is not less than $500,000.

14.     RFG is a covered employer as defined by the FLSA and NYLL.

15.     Upon information and belief, GIN-SKYE CONSTRUCTION INC. (hereinafter "GSC") is a foreign business corporation, incorporated under the laws of the State of West Virginia and authorized to do business in the State of New York.

16.     Upon information and belief, GSC operates its business from its headquarters located at 876 Big Ugly Creek, Harts, West Virginia  26524.

17.     Upon information and belief, GSC also shares a place of business and operates locally with RFG at 550 Main St., Westbury, New York  11590

18.     Upon information and belief, GSC's annual gross volume of sales made or business done is not less than $500,000.

19.     GSC is a covered employer as defined by the FLSA and NYLL.

3

7049971.1

41.     Defendants jointly employed Plaintiff within the meaning of the FLSA and NYLL.

42.     In the alternative, Defendants constitute a single employer of Plaintiff.

43.     Defendants have had substantial control over the working conditions of Plaintiff and similarly situated workers, and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

44.     Defendants controlled Plaintiff's terms and conditions of employment by determining Plaintiff's compensation, supervising and controlling Plaintiff's work schedule and conditions of employment and maintaining the employment records for Plaintiff.

45.     Upon information and belief and at all times relevant herein, Defendants individually, and/or jointly controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

## STATEMENT OF FACTS

46.     Upon information and belief Defendants were engaged in the business of construction and repair of roadways including signs and guard rails for roadways.

47.     Plaintiff was employed by Defendants, individually and/or jointly, from in or around 2009 to on or about November 27, 2019.

48.     At all times relevant herein, Plaintiff was an hourly paid employee and performed non-exempt duties for the Defendants, including, but not limited to, operating equipment, installing, repairing and servicing commercial and state signs and fencing, and other manual labor type duties.

6

7049971.1

49.     At all times relevant herein, Plaintiff was an hourly employee of Defendants and most recently was paid at a regular rate of about $46.82 to $48.50 per hour at separate times during his employment with Defendants.

50.     In 2018 and 2019, Defendants compensated Plaintiff by both check and cash – each week Plaintiff would receive: (1) a formal paycheck with compensation for a purported number of hours that was always less than the actual hours worked by Plaintiff; and (2) $250.00 in cash that was not reflected on his wage statement.

51.     At all times relevant herein, Plaintiff regularly worked approximately 55 hours per week for Defendants' benefit.

52.     Although Plaintiff regularly worked in excess of 40 hours each week, Plaintiff's wage statements never reflected payment for more than 40 hours in a workweek.

53.     For example, during the pay period covering November 9, 2019 through November 15, 2019, Defendants paid Plaintiff $1,498.24 for 32 hours of work by paycheck plus $250.00 in cash, much less that what Plaintiff was entitled to receive for the approximately 55 hours that he actually worked.

54.     Plaintiff estimates that he worked more than 50 hours every week that he was employed; Plaintiff regularly worked five (5) days per week, Monday through Friday, from 5:30 a.m. to 4:30/5:00 p.m. for a total of at least 10 hours per day and over 50 hours per week each workweek. In addition, Plaintiff occasionally worked a sixth (6th) day on the weekend for another 8 to 11 hours.

55.     Plaintiff was not paid for all hours worked and was not paid overtime for his hours above 40 during the weeks described above.

7049971.1

56.     A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendants were required to keep under the FLSA and NYLL (NYLL §195 and 12 NYCRR §142-2.6). Accurate copies of Plaintiff's wage and time records that Defendants were required to keep are incorporated herein by reference.

57.     Defendants failed to provide Plaintiff written notice upon hire in his native language setting forth the regular rate of pay, overtime rate of pay and other information required by 12 NYCRR §146-2.2.

58.     Defendants failed to provide Plaintiff with an accurate statement with every payment of wages setting forth the correct number of regular hours worked and wages paid as required by 12 NYCRR §146-2.3.

59.     Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the NYLL, 12 NYCRR §146-2.4.

60.     Plaintiff has filed a written consent to join this action, a copy of which is annexed hereto.

61.     At all times relevant herein, Plaintiff was an exceptional employee for Defendants.

62.     Defendants recognized Plaintiff's accomplishments by promoting Plaintiff to a working foreman and awarding him raises over the years.

63.     Regardless of Plaintiff's exceptional performance, Defendants retaliated against Plaintiff when he opposed and refused to support Defendants unlawful pay practices.

64.     Upon information and belief, in or about December 2018, Plaintiff's co-worker Oscar Velasquez filed a federal lawsuit in the Eastern District of New York against Defendants

7049971.1

for unpaid wages and other statutory violations under the FLSA and NYLL (*Velazquez v. Royal Guard Fence Co., Inc., et al.*, EDNY Case No.: 18-CV-07360(DRH)(AYS)).

65.     Upon information and belief, in or about April 2019, Plaintiff's co-worker Carlos Saravia filed a federal lawsuit in the Eastern District of New York against Defendants for unpaid wages and other statutory violations under the FLSA and NYLL (*Saravia v. Royal Guard Fence Co., Inc., et al.*, EDNY Case No.: 19-CV-02086(DRH)(AYS)).

66.     Plaintiff was friends with Mr. Velasquez and Mr. Saravia both in and outside of work.

67.     Guercia and Stollings accused Plaintiff of leading Mr. Velasquez and Mr. Saravia in their claims against Defendants.

68.     Guercia additionally told Plaintiff that if he wanted to keep his job, he was no longer allowed to be friends with either Mr. Velasquez or Mr. Saravia because of their lawsuits.

69.     Plaintiff informed Guercia and Stollings that Plaintiff did not want to be in the middle of their disputes with Mr. Velasquez and/or Mr. Saravia, and that he believed Defendants should pay all employees all wages earned and required by federal and state law.

70.     Based on the above, Defendants retaliated against Plaintiff by taking away Plaintiff's work shifts and constructively terminating Plaintiff's employment in November 2019.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Minimum Wages

71.     Plaintiff repeats and realleges paragraphs 1 through 70 hereof, as if fully set forth herein.

72.     Defendants failed to pay Plaintiff the minimum wages to which he is entitled under the FLSA for all hours worked.

9

7049971.1

73.   Defendants have engaged in a widespread policy, pattern, and practice of violating the FLSA.

74.   At all times relevant, Plaintiff was engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

75.   At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

76.   At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

77.   Defendants were required to pay Plaintiff at or above the applicable minimum wage for all work performed from 2009 to the present.

78.   Defendants failed to accurately record all hours worked by Plaintiff.

79.   Defendants failed to compensate Plaintiff at least the applicable minimum wage rate for all hours worked.

80.   As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

81.   Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

7049971.1

82.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime

83.    Plaintiff repeats and realleges paragraphs 1 through 82 hereof, as if fully set forth herein.

84.    The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

85.    Defendants have failed to pay Plaintiff overtime compensation for hours that he worked in excess of 40 hours in a workweek.

86.    As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

87.    Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

88.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

7049971.1

## THIRD CAUSE OF ACTION
### NYLL – Unpaid Minimum Wages

89.     Plaintiff repeats and realleges paragraphs 1 through 88 hereof, as if fully set forth herein.

90.     Defendants were required to pay Plaintiff at or above the applicable minimum wage for all work performed from 2009 to the present.

91.     Defendants failed to accurately record all hours worked by Plaintiff.

92.     Defendants failed to compensate Plaintiff at least the applicable minimum wage for all hours worked.

93.     Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

94.     As a result of Defendants' violations of the NYLL, Plaintiff has suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## FOURTH CAUSE OF ACTION
### NYLL – Unpaid Overtime

95.     Plaintiff repeats and realleges paragraphs 1 through 94 hereof, as if fully set forth herein.

96.     The overtime provisions set forth in the NYLL and the supporting regulations apply to Defendants and protect Plaintiff.

12

7049971.1

97.     Defendants have failed to pay Plaintiff overtime compensation for hours that he worked in excess of 40 hours in a workweek.

98.     Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

99.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the NYLL.

## FIFTH CAUSE OF ACTION
### NYLL – Wage Notice

100.     Plaintiff repeats and realleges paragraphs 1 through 99 hereof, as if fully set forth herein.

101.     Defendants failed to provide Plaintiff written notice of his rate of pay and other information required by the NYLL and 12 NYCRR §146-2.2.

102.     As a result of Defendants' unlawful acts, Plaintiff is entitled to recover statutory damages from Defendants in amounts to be determined at trial.

## SIXTH CAUSE OF ACTION
### NYLL – Wage Statement

103.     Plaintiff repeats and realleges paragraphs 1 through 102 hereof, as if fully set forth herein.

104.     Defendants failed to furnish Plaintiff with an accurate statement with every

13

7049971.1

payment of wages accurately setting forth the number of regular hours worked. overtime hours worked and wages paid as required by the NYLL and 12 NYCRR §146-2.3.

105.     As a result of Defendants' unlawful acts, Plaintiff is entitled to recover statutory damages from Defendants in amounts to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**NYLL – Retaliation**

106.     Plaintiff repeats and realleges paragraphs 1 through 105 hereof, as if fully set forth herein.

107.     Plaintiff engaged in protected activity by expressly opposing and refusing to support Defendants unlawful pay practices.

108.     Shortly after Defendants accused Plaintiff of leading Mr. Velasquez and Mr. Saravia in their lawsuits against Defendants for unpaid wages, Defendants retaliated against Plaintiff by taking away Plaintiff's work shifts and constructively terminating Plaintiff's employment in November 2019.

109.     Defendants alleged reason for firing Plaintiff is pretexual and baseless. Defendants fired Plaintiff because he opposed and refused to support Defendants unlawful pay practices.

110.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Plaintiff is entitled to an award of damages.

111.     As a result of Defendants' unlawful acts, Plaintiff is entitled to recover statutory damages from Defendants in amounts to be determined at trial.

7049971.1

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

(a)     A declaratory judgment that actions, conduct, and practices of Defendants complained of herein violate the laws of the State of New York and the FLSA;

(b)     An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and/or practices complained of herein;

(c)     Unpaid minimum wages and overtime wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, *et seq.*, and the supporting United States Department of Labor regulations;

(d)     Unpaid minimum wages and overtime wages, and an additional and qual amount as liquidated damages pursuant to the NYLL;

(e)     Statutory damages for Defendants failure to comply with the NYLL's wage notice and wage statement requirements;

(f)     Pre- and post-judgment interest;

(g)     An award of damages against Defendant(s) in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, seniority, and other benefits of employment;

(h)     Statutory damages for Defendants violation of the NYLL §215's prohibition against retaliation;

(i)     An award of punitive damages in an amount to be determined at trial;

(j)     Prejudgment interest on all amounts due;

(k)     An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

(l)     Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

7049971.1

Dated: East Meadow, New York
      February 24, 2020

                                  CERTILMAN BALIN ADLER & HYMAN, LLP

                                  By:_____

                                      James A Rose, Esq.
                                      Desiree M. Gargano, Esq.
                                  *Attorneys for Plaintiff*
                                  90 Merrick Avenue, 9th Floor
                                  East Meadow, New York, 11554
                                  (516) 296-7000
                                  jrose@certilmanbalin.com
                                  dgargano@certilmanbalin.com

7049971.1

### CONSENT FORM

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against defendants ROYAL GUARD FENCE CO., INC., GIN-SKYE CONSTRUCTION INC., WESTBURY FENCE & GUIDE RAIL CO., INC. RALPH GUERCIA and BRENDA STOLLINGS to recover unpaid minimum wages and overtimes wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 *et seq.*  I hereby authorize Certilman Balin Adler & Hyman, LLP to represent me in this case.


_____           2-20-2020
SAUL GONZALEZ                              Date


7053195.1